UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS COMPANY, INC.,

       Plaintiff,

       v.

MY BRITTANY'S, LLC ET AL.,

       Defendant.

_____/

Case No. 20-11429

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
DAVID R. GRAND

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO JACQUELINE SULTANA [29]**

Plaintiff, Douglas Company, brings this action under 17 U.S.C. § 501 against Defendants, Jacqueline Sultana and My Brittany's, LLC, for allegedly manufacturing and selling copies of eight plush animal toys ("the Infringing Works") over which Douglas holds copyright ("the Copyrighted Works"). (*Id.* ¶ 9). Douglas alleges that Defendants are selling the Infringing Works online through both Amazon.com and Kingdomkuddles.com, a website owned by Sultana. (*Id.* ¶¶ 16-17). At issue here is Defendants' Motion for Partial Summary Judgment, which seeks dismissal of all claims against Sultana. (ECF No. 29). The Court finds it suitable for determination without a hearing in accord with Local Rule 7.1(f)(2) and will **DENY** the Motion [29].

1

## FACTUAL BACKGROUND

Plaintiff, Douglas Company, is a New Hampshire-based designer and seller of plush stuffed toys, including a variety of dogs and cats. (Am. Compl. ¶¶ 1, 7). Defendant, Jacqueline Sultana, is allegedly the principal, managing member, and registered agent of Sultana Enterprises, LLC, which does business as "Brittany's" and "DollsHobbiesN'More." (*Id.* ¶ 10). Sultana is also allegedly the owner, principal, and managing member of Defendant My Brittany's, LLC ("My Brittany's). (*Id.* ¶ 3). Sultana, Sultana Enterprises, and My Brittany's each share a Wixom, Michigan residential address. (*Id.* ¶¶ 12). A third entity, Kingdom Kuddles, LLC, which does business as "Auswella," appears to have been formed days after Douglas initiated the instant litigation and is located at that same address. (ECF No. 33, PageID.539). Sultana's husband is listed as the registered agent for both My Brittany's and Kingdom Kuddles. *See LARA Corporations Online Filing System*, DEP'T LICENSING & REGUL. AFFS., https://cofs.lara.state.mi.us/SearchApi/Search/Search (last visited Jan. 6, 2021).

Douglas alleges that between 2014 and 2018, Sultana purchased more than $30,000 worth of Douglas' products through DollsHobbiesN'More, including the Copyrighted Works, for the purpose of copying and selling Douglas's products. (Am. Compl. ¶¶ 14-15). Douglas further alleges that Sultana and My Brittany's also entered into business with PT. Sunindo Adipersada ("Sun-Indo"), an Indonesian toy

manufacturer they knew had once produced Douglas's designs, for the purpose of copying those designs and manufacturing and selling the Infringing Works. (*Id.* ¶¶ 18, 20-22). Finally, Douglas alleges that Sultana personally directed the creation of the Infringing Works by Sun-Indo and the sale of those works on Amazon.com, which lists her as the contact person, and Kingdomkuddles.com, which she owns and operates. (*Id.* ¶¶ 16-17, 23-24).

In an affidavit, Sultana states that she is the managing member of My Brittany, LLC[1] and that it owns the trade names and trademarks "Kingdom Kuddles," "My Brittany's," and "MB My Brittany's." (ECF No. 29-2, PageID.529). Sultana further states that she does not conduct business in her individual name for any purpose and that "[t]he purchasing, manufacture, distribution, and selling of plush toys . . . are, and have always been, conducted exclusively through My Brittany, LLC." (*Id.* at 530). The affidavit neither mentions Sultana's husband nor the creation of a new LLC following the initiation of this litigation.

### PROCEDURAL BACKGROUND

Douglas initially brought suit in the District of New Hampshire on December 12, 2019. Defendants moved to dismiss for lack of jurisdiction and/or improper venue, or, in the alternative, to transfer the case to the Eastern District of Michigan.

---

[1] The Michigan Department of Licensing and Regulatory Affairs website only shows a registration for "My Brittany's," not "My Brittany." *See LARA Corporations Online Filing System*.

The Honorable Steven J. McAuliffe noted that "Douglas's claims of copyright infringement appear to have facial merit" and that "dismissal . . . would  not serve the interests of justice." (ECF No. 4, PageID.78-79). He accordingly transferred the case to this District on May 28, 2020. (*Id.* at 79).

Following transfer, Defendants filed a counterclaim on June 22, 2020 and moved for partial summary judgment on August 6, 2020. (ECF No. 11; ECF No. 16). Defendants also moved for a preliminary injunction to prevent Plaintiff from disparaging My Brittany's products online. (ECF No. 18). Plaintiff moved for leave to amend its Complaint on August 27, 2020. (ECF No. 20). At a status conference on September 23, 2020, the Court granted Plaintiff's Motion for Leave to Amend [20] and Plaintiff agreed to the terms of the requested injunction. Plaintiff filed its Amended Complaint on September 28, 2020. (ECF No. 28). Defendants filed an updated Motion for Partial Summary Judgment on October 9, 2020. (ECF No. 29).

### STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to

4

support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue for trial exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court views all of the facts in the light most favorable to the nonmoving party and draws all reasonable inferences in the nonmoving party's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Anderson*, 477 U.S. at 255.

Summary judgment is generally appropriate only when the nonmovant has been afforded sufficient opportunity for discovery. *Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996) (citing *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231-32 (6th Cir. 1994)). If the nonmovant demonstrates via affidavit or declaration that it has not been afforded sufficient opportunity, the Court may "defer considering the motion or deny it." FED. R. CIV. P. 56(d). The factors courts consider in making this determination include:

> (1) when the [nonmovant] learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would . . . change[] the ruling . . . ; (3) how long the discovery period had lasted [prior to the motion being filed]; (4) whether the [nonmovant] was dilatory in its discovery efforts; and (5) whether the [movant] was responsive to discovery requests.

*Moore v. Shelby Cty.*, 718 F. App'x 315, 320 (6th Cir. 2017) (quoting *Plott v. General Motors Corp.*, 71 F.3d 1190, 1196-97 (6th Cir. 1995)).

## ANALYSIS

Defendants argue that the allegations in the Amended Complaint with respect to Sultana's personal involvement are conclusory and that Douglas has not offered any facts suggesting that Sultana engaged in the copying of Douglas's Copyrighted Works. (ECF No. 29, PageID.511-12). Defendants further argue that "Plaintiff has failed to state a claim . . . that My Brittany's, LLC is an alter ego" of Sultana because "[n]o fraud or wrong related to My Brittany is alleged by Plaintiff, and Plaintiff did not allege that a loss or injury related to the alleged alter ego." (*Id.* at 513) (emphasis omitted).

Plaintiff responds that the Amended Complaint sufficiently alleges "that Ms. Sultana . . . wrongfully copied or directed the copying of constituent elements of the [Copyrighted Works]." (ECF No. 33, PageID.542). Plaintiff notes that it has alleged, for example, that Sultana, My Brittany's, and Sultana Enterprises share a residential address; that Sultana personally owns Kingdomkuddles.com, where the Infringing Works are displayed and sold; and that Sultana is listed as the contact person on Amazon.com. (*Id.* at 542-43). Plaintiff also notes that it recently discovered that a new LLC called Kingdom Cuddles was formed days after the instant litigation was initiated and that Sultana's husband is listed as the registered agent. (*Id.* at 543). Finally, Plaintiff argues that the question of alter ego raised by Defendants is irrelevant because "[t]he Michigan Court of Appeals has held that 'it is beyond

6

question that a corporate employee or official is personally liable for all tortious or criminal acts in which [they] participate[], regardless of whether [they were] acting on [their] own behalf or on behalf of the corporation.'" (*Id.* at 544) (quoting *Attorney General v. Ankersen*, 385 N.W.2d 658, 673 (Mich. Ct. App. 1986)).

Plaintiff is correct. The Copyright Act provides that "*[a]nyone* who violates any of the exclusive rights of the copyright owner . . . is an infringer of the copyright." 17 U.S.C. § 501(a) (emphasis added). Under the Act, "corporate officers can be held liable if they personally participated in the acts constituting infringement." *Innovation Ventures, L.L.C. v. Aspen Fitness Prods.*, No. 11-cv-13537, 2015 U.S. Dist. LEXIS 179139, at *49-50 (E.D. Mich. Mar. 31, 2015) (citing *Sailor Music v. IML Corp.*, 867 F. Supp. 565, 568-69 (E.D. Mich. 1994); *Controversy Music v. McClellan*, No. 08-13805, 2009 U.S. Dist. LEXIS 84635, at *6 (E.D. Mich. Sept. 17, 2009)); *see also Attorney General v. Ankersen*, 148 Mich. App. 524, 557 (1986) (explaining that the personal liability of a corporate official "is not a question of piercing the corporate veil" and that such an official "is personally liable for all tortious . . . acts in which [they] particiate[], regardless of whether [they] were acting on [their] own behalf or on behalf of the corporation"). Accordingly, an inquiry into whether there is a genuine issue of material fact as to Sultana being an alter ego of My Brittany's is unnecessary. *See Innovation Ventures, L.L.C.*, 2015 U.S. Dist. LEXIS 179139, at *47-48 (holding that the defendant could

7

be found liable for copyright infringement under 17 U.S.C. § 501 without an inquiry as to whether the plaintiff "provide[d] evidence sufficient to pierce the corporate veil").

The only relevant question is whether there is a genuine issue of material fact as to Sultana's personal participation in the alleged copyright infringement. There plainly is. The only evidence presented by Defendants to refute Sultana's involvement is Sultana's own affidavit. (ECF No. 29-2). That affidavit, moreover, does not deny participation in the alleged activities but states only that "[t]he purchasing, manufacture, distribution, and selling of . . . the accused plush toys, are, and have always been, conducted exclusively through My Brittany, LLC" and that Sultana "do[es] not conduct business in [her] individual name." (*Id.* at 530). Where the only evidence offered by a defendant in support of summary judgment is their own affidavit, "the credibility of [their] testimony is a genuine issue of material fact that a jury should decide." *Coach, Inc. v. Younes Corp.*, No. 11-11559, 2012 U.S. Dist. LEXIS 144516, at *12 (E.D. Mich. Oct. 5, 2012). Moreover, even if the Court were to credit these statements, they would be insufficient to demonstrate that there is no genuine issue of material fact with respect to Sultana's participation in the alleged infringement given that the affidavit also contains an admission that Sultana is "the managing member" of My Brittany's. (ECF No. 29-2, PageID.529). The Court will therefore **DENY** Defendants' Motion [29] and need not reach Plaintiff's

8

alternative argument that it has not been afforded sufficient opportunity for discovery.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment as to Jacqueline Sultana [29] is **DENIED**.

**SO ORDERED**.

<u>s/Arthur J. Tarnow</u>
Arthur J. Tarnow
Dated: January 8, 2021          Senior United States District Judge

9